768 So.2d 683 (2000)
LOUISIANA STATE BOARD OF DENTISTRY, Plaintiff-Appellee,
v.
Charles Douglas BAKER, D.D.S., Defendant-Appellant.
No. 33,828-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2000.
Bobby L. Culpepper, Jonesboro, Counsel for Defendant-Appellant.
M. Thomas Arceneaux, Shreveport, Counsel for Plaintiff-Appellee.
Before CARAWAY, KOSTELKA and DREW, JJ.
DREW, J.
Dr. Charles Baker, a Minden dentist, appeals the granting of a summary judgment in favor of the Louisiana State Board of Dentistry ("LSBD").
Finding that the trial court should have allowed Dr. Baker a continuance after his attorney withdrew on the morning of the summary judgment, we reverse and remand.

*684 FACTS

The LSBD accused Dr. Baker of: (1) prescribing drugs or medicine not necessary or proper in the practice of dentistry; (2) prescribing, dispensing or administering habit-forming or other legally controlled substances in other than a legal or legitimate manner; (3) engaging in dental practices that failed to satisfy the prevailing acceptable standards of dental practice in Louisiana; (4) dispensing habit-forming or other legally controlled substances on many occasions in other than a legal or legitimate manner; (5) failing to maintain prescription files on any controlled substances he sold or dispensed; (6) failing to keep a daily record showing all controlled substances dispensed; and (7) failing to cooperate with the LSBD in investigating a matter before it.
Dr. Baker entered into a consent decree with the LSBD on December 21, 1998. Dr. Baker agreed to pay a fine of $10,000 and costs not to exceed $20,000, both of which were to be paid within 30 days after the decree was signed by the President of the LSBD. Dr. Baker also agreed to have his dental license revoked.
The LSBD filed suit against Dr. Baker on August 12, 1999, to enforce the consent decree. The LSBD alleged that costs of the administrative proceedings exceeded $20,000. Filed into the record on the same date was a request for admissions of fact propounded by the LSBD. Dr. Baker, through his attorney James Johnson, filed a general denial answer, but never responded to the request for admissions.
The LSBD filed a motion for summary judgment on November 2, 1999. Submitted in support of the motion was an affidavit from C. Barry Ogden, Executive Director of the LSBD. As Executive Director, Ogden is the custodian of the LSBD's records. Ogden stated in his affidavit that he reviewed Dr. Baker's LSBD records; however, these records were not attached to the affidavit. See La. C.C.P. art. 967, which requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Also submitted in support of the motion was an affidavit from the LSBD's attorney setting forth the attorney fees incurred in the suit. A hearing on the motion was scheduled for November 23, 1999.
On the morning of the hearing, James Johnson appeared in court and filed a motion to withdraw as counsel of record. Johnson explained to the court that Dr. Baker had told him that morning that another attorney would be representing him. The trial court allowed Johnson to withdraw. Johnson also asked the court to give Dr. Baker some additional time to clear up whether or not he had an attorney. The court declined. Dr. Baker was apparently not present at the hearing.
The court granted the motion for summary judgment and awarded $30,000, legal interest from February 7, 1999, and costs of this action to enforce the consent decree. A request for attorney fees was rejected.

DISCUSSION

Continuance
Dr. Baker argues in his first assignment of error that the trial court erred in failing to grant him a continuance on the morning of the summary judgment hearing.
There are peremptory and discretionary grounds for the granting of a continuance. The peremptory grounds requiring that a continuance be granted are not at issue. La. C.C.P. art. 1602. A continuance may be granted in any case if there is good ground therefor. La. C.C.P. art. 1601.
A trial court has great discretion in granting or denying a motion for a continuance under Art. 1601; that discretion will not be disturbed on appeal in the absence of a clear abuse of discretion. An abuse of discretion occurs when such discretion is exercised in a way that deprives a litigant of his day in court. Gilbert v. Visone, *685 32,303 (La.App.2d Cir.10/27/99), 743 So.2d 909.
The particular facts of each case must be considered by the trial court when deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Of equal importance is the other litigant's corollary right to have the case heard as soon as practicable. The trial court must also weigh the condition of the trial docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. Walker v. Aulds, 28,968 (La.App.2d Cir.12/11/96), 685 So.2d 421; Gilcrease v. Bacarisse, 26,318 (La.App.2d Cir.12/7/94), 647 So.2d 1219, writ denied, 95-0421 (La.3/30/95), 651 So.2d 845.
The record reveals that the LSBD filed motions for summary judgment against both Dr. Charles Baker, defendant in the case at issue, and his father, Dr. Richard Baker. By the time of the November 23 hearing, Bobby Culpepper had enrolled as counsel for the elder Dr. Baker, who had been previously represented by Johnson. Both motions were set to be heard on the same date, and the case against Dr. Richard Baker was called first.
Culpepper was not present at the hearing. The LSBD was represented by M. Thomas Arceneaux. We reproduce the relevant parts of the hearing transcript regarding the motion to withdraw and request for continuance:
Mr. Johnson: I think we're getting the horse way out in front of the cart. I'd like to file a motion to withdraw.
Mr. Arceneaux: We're in Richard's case.
Mr. Johnson: Okay, you're in Richard's case.
The Court: All right, and we already have a motion where Mr. Culpepper has enrolled, so that's the one that's first on the docket.
Mr. Arceneaux: You're already out in that case.
Mr. Johnson: Right. I've already filed a motion to withdraw.
Mr. Arceneaux: Your Honor, the second
The Court: I'll tell you what, why don't we skip over to Charles Baker
Mr. Arceneaux: That's fine, Your Honor.
The Court: Let's do that so we won't hold
Mr. Johnson: I've got ten things over in the other courtroom.
The Court: Sir?
Mr. Johnson: I have about ten things over in the other courtroom.
The Court: Well, that's what I'm saying, we'll go ahead and free you up.
Mr. Johnson: Your Honor, at this time in Charles Douglas Baker, No. 58,721, I desire to file a motion to withdraw. I talked to Mr. Baker this morning and he told me it was his understanding that Mr. Culpepper was representing him in all of these matters. That was my understanding also, but, at any rate, he directed me to withdraw and I'm asking the Court to allow me to withdraw at this time.
The Court: All right, any response to that?
Mr. Areceneaux: I don't have any objection, Your Honor, except that the matter is set for today and I'd like to have it taken up today. Mr. Culpepper has not advised me that he represents Charles Douglas Baker.
The Court: Well
Mr. Johnson: Well, then I would like to ask the Court for Dr. Baker, Charles Baker, to have some time, whatever the Court says, to obtain counsel, which is not an uncommon request. I mean I realize we're in a subway running trains, but
The Court: Well, my office contacted Mr. Culpepper's office yesterday *686 and I believe he specifically said he was not representing Charles Douglas Baker. All right, and you spoke to Mr. Baker when?
Mr. Johnson: This morning at 9:15.
The Court: He was awareHow long has he been aware that this was scheduled for today?
Mr. Johnson: I don't know that he has, because if Mr. Culpepper didn't notify, and I got, they served me, they didn't serve them, and I notified Mr. Culpepper.
The Court: Well, I'm going to grant the motion to withdraw. I'm not so sure that he should be given anymore time. This matter actually was filed back in August. And, I mean at what point did he indicate to you that he was going to hire Mr. Culpepper?
Mr. Johnson: He told me this morning that his understanding was that his father had hired Mr. Culpepper, both for himself, the father, and for the son.
The Court: Okay.
Mr. Johnson: And I have no idea why Mr. Culpepper is not here this morning.
The Court: Well, when he filed an opposition in the other case, he said in his cover letter he had other court appearances and he just simply could not be here and he filed a memorandum and an exception in the other case, but he's filed nothing in this case, and, again, my office contacted him and he said he did not represent Charles Douglas Baker. But I have granted your motion to withdraw, so I mean you're free to go on this case unless you wish to remain.
Mr. Johnson: No, I just would ask the Court again to give him some very short time to have it cleared up whether he's got a lawyer or not.
The Court: All right. Do you have a problem with that, Mr. Arceneaux?
Mr. Arceneaux: Your Honor, under the circumstances of this particular matter and the difficulty, this is the matter that is to enforce a consent decree between Dr. Charles Baker and the [LSBD] that he has not complied with. I'm not aware of any kind of defense whatsoever and I really have to oppose on behalf of my client any further delay in Dr. Baker's case.
The Court: Well, I think it appears to me that this case does seek to enforce a consent judgment, so I've granted your motion to withdraw and I will deny your request on behalf of Mr. Baker for additional time and I'll note his objection the ruling of the Court.
The LSBD contends that Dr. Baker was not prejudiced because up to the point at which his attorney withdrew, nothing had been filed in opposition to the motion for summary judgment and Dr. Baker had not answered the request for admissions. The LSBD also argues that Dr. Baker "essentially had his day in court" and "effectively had Culpepper's assistance" because Culpepper, representing Dr. Baker's father, had filed a memorandum and exceptions in the elder Dr. Baker's case which raised the same issues raised by the son before this court. The LSBD believes that had Culpepper enrolled as counsel and made all the arguments on behalf of Dr. Charles Baker that he made on behalf of Dr. Richard Baker, the result would have been the same.
Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. However, a party is not entitled to indefinite continuances simply because he is unable to obtain counsel. Walker v. Aulds, supra; Gilcrease v. Bacarisse, supra. Here, Dr. Baker's attorney withdrew immediately before the motion was heard. The record reflects that when the court *687 and Johnson discussed Johnson's motion to withdraw, there was obvious confusion about whether or not Dr. Baker was even represented by other counsel at the time. He apparently was not.
Dr. Baker has not previously sought a continuance. Moreover, there is no indication that significant prejudice would have been suffered by the LSBD had the hearing been reset. The case had been pending for only a few months at the time of the November 23 hearing.
We are also unpersuaded by the LSBD's arguments that Dr. Baker was not prejudiced and that he effectively was represented by Culpepper as that attorney was handling his father's case. While certain legal issues may be common in both cases, this does not necessarily mean that the factual issues are identical in both cases.
Based on the particular facts of this record, we find that the trial court abused its great discretion in denying Dr. Baker a continuance in this matter.

Motion for Summary Judgment
Baker argues in his next assignment of error that the trial court erred in granting the summary judgment because the admissions of fact were not sufficient to support summary judgment and the LSBD was not authorized by law to file suit to collect fines and penalties. Because we determine that the trial court erred in denying a continuance and we remand this matter to the trial court for further proceedings, it is unnecessary to address this additional assignment of error.

DECREE
At appellee's cost, the judgment is REVERSED and the case is REMANDED.