JjNORRIS, Chief Judge.
Samantha Cunningham appeals the denial of her motion to continue and the judgment terminating her parental rights. We find that the trial court erred in denying her motion to continue, reverse and remand for further proceedings.

Facts

Krystal Anderson was born August 29, 1990 to Samantha Cunningham and Gary Anderson. There was no custody judgment or arrangement. Gary, a Louisiana resident, went to visit Krystal in Iowa for the first time over Easter, 1997, when he allegedly found that she was being neglected; Krystal had lice, there was trash in the house, there was no food in the house, *942 Krystal had not bathed in several days, and there were no clean clothes. A few months later, Gary brought Krystal to Louisiana for a summer visit and because the household situation had not improved, he did not return her to Iowa, but instead, on June 30, 1997, filed a petition requesting her temporary custody. Samantha filed a declinatory exception of lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act. In particular, Samantha alleged that Iowa was the home state and that there was no emergency situation.
In the middle of an evidentiary hearing on the exception, the parties agreed to a consent judgment, which was signed March 29, 1999, granting Gary custody of Krystal, subject to “reasonable visitation” by Samantha, specifically including one month of each summer, Christmas holidays during the even number years and Thanksgiving holidays during the odd number years.
On May 2, 2000, Gary filed a Motion to Modify Child Custody alleging that Samantha has not exercised visitation and that any future visitation by Samantha would expose Krystal to an unhealthy, unstable, and dangerous environment. Gary requested a termination of visitation rights. Samantha filed a Motion to Continue and Request for Further Access to Minor Child alleging that 12Gary was denying her access to Krystal. The trial court denied Samantha’s Motion to Continue and conducted a hearing which consisted of testimony from Gary, Amy, his wife, and Dana Prey, a licensed professional counsel- or. After the hearing, in which Samantha was not present, the trial court issued a judgment terminating all of Samantha’s parental rights to Krystal.
Samantha appealed, assigning as errors the trial court’s refusal to grant her motion to continue and the termination of her parental rights. On January 18, 2001, this court noted a jurisdictional defect, annulled the judgment and remanded the case with instructions. On remand, the judge who heard the evidence (Judge Fal-lin) signed a judgment terminating Samantha’s visitation rights.

Law and Analysis

Samantha argues that the trial court erred in denying her motion to continue, particularly given the fact that she is a welfare mother who had less than one month to obtain the necessary finances to come to Louisiana from Iowa to defend the motion.
A continuance may be granted in any case if there is good ground therefor. La. C.C.P. art. 1601. A trial court has great discretion in granting or denying a motion for a continuance under Art. 1601; that discretion will not be disturbed on appeal in the absence of a clear abuse of discretion. Louisiana State Bd. of Dentistry v. Baker, D.D.S., 33,828 (La.App.2d Cir.9/27/00), 768 So.2d 683; Demopulos v. Jackson, 33,560 (La.App.2d Cir.6/12/00), 765 So.2d 480; Gilbert v. Visone, 32-303 (La.App.2d Cir.10/27/99), 743 So.2d 909. An abuse of discretion occurs when such discretion is exercised in a way that deprives a litigant of his day in court. Louisiana State Bd. of Dentistry v. Baker, supra; Gilbert v. Visone, supra. Whether a trial court should grant or deny a continuance depends on the particular facts of each case. Gilbert v. Visone, supra; Demopulos v. Jackson, supra.
RThe interest of a parent in having a relationship with his or her children is manifestly a liberty interest protected by the Fourteenth Amendment’s due process guarantee. In re A.J.F., 00-0948 (La.6/30/00), 764 So.2d 47; State in Interest of A.C., 93-1125 (La.1/27/94), 643 So.2d 719, cert. denied, 515 U.S. 1128, 115 S.Ct. *943 2291, 132 L.Ed.2d 292 (1995). “The United States Supreme Court has declared it ‘plain beyond the need for multiple citation’ that a biological parent’s right to ‘the companionship, care, custody, and management’ of his children is a liberty interest far more important than any property right.” Id.; See also, Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).
 A person afforded due process is entitled to be heard, and in order to enjoy that right, she must first be notified. Fields v. State, 98-0611 (La.7/8/98), 714 So.2d 1244; In re Adoption of B.G.S., 556 So.2d 545 (La.1990). It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner. Id.; In re A.J.F., supra.
Samantha was served with notice of the June 12, 2000 hearing on the motion to modify custody on May 16, 2000. Due to financial constraints, she requested a continuance in order to have more time to obtain the necessary finances to travel from Iowa to Louisiana and defend the motion. The trial court denied her motion, heard evidence from Anderson, his wife, and a counselor retained by them, then terminated Samantha’s rights of reasonable visitation. The trial court took the drastic action of denying Samantha even the minute contact of a phone call with her minor daughter without Samantha’s presence at the hearing.[1]
14Based on the facts and circumstances of this record, we find that the trial court erred in failing to grant Samantha’s motion to continue. Samantha, who has filed this appeal in forma pauperis, was given less than a month’s notice to acquire the necessary funding to make a trip to Louisiana. We find that the notice given Samantha when viewing the drastic measures the trial court took was not meaningful notice and consequently the trial court’s denial of her motion to continue was an abuse of discretion. As such, we reverse the trial court’s judgment and remand this case for further proceedings. See Roland v. Tedesco, 426 So.2d 175 (La.1983); Brown v. Louisiana State Med. Center, 472 So.2d 909 (La.1985).
Finding that the trial court abused its discretion in denying Samantha’s motion to continue, we do not address the issue of the termination of Samantha’s visitation rights.

Conclusion

We reverse the trial court’s denial of Samantha’s motion to continue and remand this case to the trial court for further proceedings. Appellate costs are equally assessed to both parties as the law allows.
REVERSED AND REMANDED.

. Notably, denying all of Samantha’s visitation rights could ultimately lead to the termination of all her parental rights. Under La. Ch.C. art. 1254, Amy (Krystal’s stepmother) could adopt Krystal without Samantha's consent if Samantha "has refused or failed to visit, communicate, or attempt to communicate with [Krystal] without just cause for a period of at least six months. Arguably a judgment terminating all her rights to communicate with Krystal is "just cause,” yet it is inequitable for Samantha to have to make this argument when her motion to continue was denied and she was not present at the hearing which resulted in the termination of her visitation rights.