841 So.2d 920 (2003)
Gloria MORRIS,
v.
WESTSIDE TRANSIT LINE and/or American Transit Corp.
No. 02-CA-1029.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
Writ Denied May 16, 2003.
*922 Hilary G. Gaudin, Gaudin & Gaudin, Gretna, LA, for Gloria Morris, Plaintiff/Appellant.
Richard L. Olivier, Metairie, LA, for Parish of Jefferson, Defendant/Appellee.
Leonard M. D'Angelo, Metairie, LA, for Ferdinand H. Cerruti, Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is an appeal from a judgment of the trial court granting defendants' exceptions of prescription. For the reasons stated herein, we affirm.
Facts and Procedural History
Plaintiff, Gloria Morris, injured her left leg on July 22, 1998 when she fell at a bus stop on Lapalco Blvd. in Jefferson Parish. She filed the instant suit for damages on September 14, 1998 against Westside Transit Line and American Transit Corporation, alleging that the bus stop was under the care, custody and control of defendants. On December 2, 1998, ATC/Vancom Management Services Limited Partnership ("ATC/Vancom") filed an answer to this petition, stating that plaintiff *923 had improperly named them as Westside Transit Line and American Transit Corporation.
On May 10, 1999, defendant ATC/Vancom filed a motion for summary judgment on the basis that it had no ownership or maintenance responsibility over the bus stop and that Jefferson Parish owned the land where the stop was located. The trial court denied this motion. On August 26, 1999, over one year after the date of the accident, plaintiff filed a supplemental and amending petition naming Jefferson Parish as a defendant in these proceedings. On January 10, 2000, plaintiff filed a second supplemental and amending petition naming as defendant Ferdinand Cerruti. Plaintiff alleged that both Jefferson Parish and Cerruti owned and were responsible for maintenance of the land in question. Both of these defendants subsequently filed answers to the petition denying liability for plaintiff's injuries.
On August 3, 2001, defendant ATC/Vancom filed a second motion for summary judgment on the basis that Jefferson Parish had the care, custody and control of the bus stop where plaintiff's injury occurred. Defendant attached to its motion a copy of plaintiff's deposition as well as the answers to interrogatories obtained from Jefferson Parish indicating that the bus stop in this case was created by resolution of the Jefferson Parish Council. Defendant also attached work orders from Jefferson Parish Streets Department indicating that the Parish maintained the land where the bus stop was located. Additionally, defendant submitted an affidavit from an employee of ATC/Vancom who stated that that entity did not own or maintain the bus stop. Plaintiff indicated that there was no opposition to this motion, and the trial court subsequently granted the motion on October 3, 2001, dismissing plaintiff's demand against ATC/Vancom with prejudice.
Thereafter, on February 8, 2002, defendants Jefferson Parish and Ferdinand Cerruti filed peremptory exceptions of prescription on the basis that the plaintiff's suit against them was untimely filed. Defendants also asserted that the only timely sued defendant, ATC/Vancom, was dismissed by judgment rendered on October 3, 2001, and therefore plaintiff's case against the remaining defendants who were not timely sued had prescribed. Hearing on these exceptions was set for May 14, 2002.
Plaintiff opposed these exceptions and submitted evidence of a contract between ATC/Vancom and Jefferson Parish for transit management services which contained an indemnity agreement in favor of Jefferson Parish. Plaintiff also submitted copies of the answers to a request for production of documents submitted by ATC/Vancom in which defendant denied the existence of such contract. Additionally, plaintiff submitted the affidavit of her attorney, Pierre Gaudin, who stated that he was told in a telephone conversation with counsel for Jefferson Parish that the Parish was the responsible party in plaintiff's lawsuit.
On May 10, 2002, plaintiff filed into these proceedings a petition to annul the summary judgment entered by the trial court on October 3, 2001 in favor of ATC/Vancom. Plaintiff alleged that ATC/Vancom had fraudulently answered plaintiff's request for production of documents by denying the existence of a contract with Jefferson Parish. Plaintiff argued that she relied on the information supplied by defendant in failing to oppose defendant's motion for summary judgment. Plaintiff contended that defendant deliberately withheld the contractual documents to obtain an uncontested summary judgment, *924 and that such actions constitute ill practices which require that the summary judgment be annulled. Plaintiff also requested that hearing on defendants' exceptions of prescription be continued until a determination of the merits of the petition to annul was rendered.
The trial court denied the motion to continue and by judgment signed on May 22, 2002, the trial court maintained defendants' exceptions of prescription dismissing plaintiff's demands against Jefferson Parish and Ferdinand Cerruti with prejudice. This devolutive appeal followed.
Discussion
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. See, Lima v. Schmidt, 595 So.2d 624, 629 (La. 1992). Of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the obligee's claim. Id., 595 So.2d at 629.
The burden of proof of showing prescription is generally on the exceptor. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show suspension, interruption or renunciation. Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993); Castaneda v. Louisiana Ins. Guar. Ass'n, 95-29 (La. App. 5 Cir. 5/30/95), 657 So.2d 338, 339, writ denied, 95-2097 (La.11/17/95), 663 So.2d 715.
On appeal, plaintiff contends that the trial court erred in granting the exception of prescription because the defendants are joint tortfeasors and prescription was interrupted based on La. C.C. art. 2324(C), which provides:
Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
Plaintiff contends that the timely filed suit against ATC/Vancom interrupted prescription of the claims against Jefferson Parish and Cerruti. However, the law is well settled that where no liability is found on the part of a timely sued alleged tortfeasor, prescription will not be interrupted as to another tortfeasor, who is not timely sued, since no joint or solidary obligation exists. Renfroe v. State of Louisiana, DOTD, 01-1646 (La.2/26/02), 809 So.2d 947, 950. In this case, plaintiff sued ATC/Vancom within the applicable prescriptive period, but the supplemental and amending petitions against Jefferson Parish and Cerruti were filed more than one year from the date of the accident. Further, ATC/Vancom was dismissed from these proceedings with prejudice by judgment dated October 3, 2001, and there is no joint or solidary obligation in this case. Thus, the interruption provided in La. C.C. art. 2324(C) is not applicable here.
Plaintiff further contends that the trial court erred in granting the exceptions of prescription because the supplemental and amending petitions filed against Jefferson Parish and Mr. Cerruti relate back to the timely filed original petition pursuant to the provisions of La. C.C.P. art. 1153. That article provides as follows:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In support of the argument that the amending petitions filed in this case relate *925 back to the date of the filing of the original petition, plaintiff relies on Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983) and Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990).
In the Ray case, the Supreme Court established the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
In Ray, the plaintiff who slipped and fell in a mall improperly named the defendant as Alexandria Mall, through their insurer St. Paul Property and Liability Insurance, rather than the partnership, Alexandria Mall Company. The correct defendant was named in an amended petition filed after the one-year prescriptive date, and the Supreme Court held that the amended petition related back to the date of the filing of the original petition. However, in that case, St. Paul was the insurer of Alexandria Mall Company and paid plaintiff's medical expenses from the time of the accident and the manager of the mall where the injury occurred was served with a copy of the original petition. In its holding, the Supreme Court noted that the defendant named in the amended suit was not a wholly new or unrelated defendant as there was only one Alexandria Mall in that city and further that defendant was put on notice of the filing of the suit by the service of its manager within the prescriptive period.
In Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990), a case also relied upon by Ms. Morris, the plaintiff was injured in a public park in Baton Rouge and improperly named the City of Baton Rouge as defendant rather than the actual owner of the park, the Recreation and Park Commission for the Parish of East Baton Rouge. Plaintiff amended his petition after the prescriptive date to name the correct defendant and the Supreme Court found that the amendment related back based on the fact that the two defendants were closely related because of the control element exercised over BREC by the City and because the two defendants had an identity of interests. Further, the court noted that the defendant was not prejudiced because the City had notified BREC of its investigation of the lawsuit shortly after the accident.
Our review of the record shows that the facts of the present case are distinguishable from the cases cited above, and we find that plaintiff's reliance on La. C.C.P. art. 1153 is misplaced. Although plaintiff presented evidence that Jefferson Parish contracted with ATC/Vancom for management of the transit service, this business relationship alone is insufficient to support a connexity between the two defendants to allow the amending petition to relate back. The application of article 1153 in the Ray case was based on a misnomer of the correct defendant. In the Findley case, there was an identity of interests between *926 the two governmental agencies which the court found had the components of a parent corporation and a wholly owned subsidiary relationship. Further, in both of these cases, the defendant added after the prescriptive date had notice of the lawsuit prior to the running of prescription.
In the present case, there is no evidence that ATC/Vancom had any type of identity of interest or a sufficient connexity of relationship with Jefferson Parish. There is no evidence that Jefferson Parish was notified of the lawsuit during the prescriptive period or that Jefferson Parish would not be prejudiced by the failure to receive notice with the statutory prescriptive period. Rather, the record shows that the Parish of Jefferson is a not a related party to the party timely sued, and as such, the amended petition does not relate back to the original petition pursuant to La. C.C.P. art. 1153. See, Renfroe v. State of Louisiana, 01-1646 (La.2/26/02), 809 So.2d 947.
Ms. Morris also argues that prescription was interrupted by acknowledgement of liability by the attorney for Jefferson Parish pursuant to the provisions of La. C.C. art. 3464 or the concept of equitable estoppel. Plaintiff contends that counsel for Jefferson Parish lulled her into believing it would not contest legal responsibility for the area where the accident occurred. In support of this argument, plaintiff submitted the affidavit of plaintiff's counsel, Pierre Gaudin, who stated that counsel for Jefferson Parish contacted him in May of 2001 and requested a settlement demand based on a statement that Jefferson Parish was the responsible party in this case. Plaintiff's counsel stated that he did not oppose ATC/Vancom's motion for summary judgment based on the representations made by defense counsel.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464. Interruption by acknowledgment may be oral, in writing, formal, informal, express or tacit. Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5th Cir.5/30/95), 656 So.2d 1081, writ denied, 95-1632 (La.10/6/95), 661 So.2d 474. With respect to delictual actions, the acknowledgment need not be of a certain amount of damages, only of the defendant's responsibility and plaintiff's right against that defendant. See, Lima v. Schmidt, supra, 595 So.2d 624 (La. 1992). "A tacit acknowledgement occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability." Id. at 634.
Equitable estoppel is defined as "the effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who justifiably relied upon such conduct and changed his position so that he will suffer injury is the former is allowed to repudiate the conduct." Wilridge v. Capital MFG. Co., 97-574 (La.App. 3 Cir. 12/17/97), 704 So.2d 966. Plaintiff contends that her counsel justifiably relied on the representation of counsel for Jefferson Parish that it was responsible for the area where the accident occurred.
In the present case, plaintiff has the burden of proving the interruption of prescription. Plaintiff's counsel in his affidavit states that counsel for Jefferson Parish made an admission that Jefferson Parish was responsible for the area and requested a settlement demand. However, this statement is not an admission or stipulation of liability. Even assuming defense counsel admitted to custody of the property in question, plaintiff still had the burden of proving the remaining elements of her *927 tort claim: defective condition, causation, damages. Plaintiff's counsel does not allege that defense counsel stipulated to these elements of plaintiff's cause of action. Further, plaintiff has not submitted any written evidence which supports the claim that there was an admission of liability.
We find that affidavit of plaintiff's counsel merely shows that there was an offer of settlement made to plaintiff by counsel for Jefferson Parish, and we fail to find sufficient evidence of an admission of liability which would invoke the above-cited principles. See, Lima v. Schmidt, 595 So.2d 624 (La. 1992). Under these circumstances, we fail to find that prescription was interrupted by acknowledgement or equitable estoppel.
Plaintiff also argues that the doctrine of contra non valentem operates to interrupt prescription against the two belatedly sued defendants in this case. La. C.C. art. 3467 states that "prescription runs against all persons unless exception is established by legislation." In spite of the clear language of La. C.C. art. 3467, the jurisprudential doctrine of contra non valentem remains a viable exception to this rule. Plaquemines Parish Comm. Council v. Delta Dev. Co., 502 So.2d 1034 (La. 1987); see also La. C.C. art. 3467, Official Revision Comment (d).
As stated in Renfroe, supra, 809 So.2d at 953, the Louisiana Supreme Court has recognized four factual situations in which the doctrine of contra non valentem applies so as to prevent the running of prescription:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.
In Whitnell v. Menville, 540 So.2d 304 (La.1989), the Supreme Court indicated that the third category of contra non valentum applies when the defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies. However, the doctrine of contra non valentem only applies in "exceptional circumstances." La. C.C. art. 3467, Official Revision Comment (d); Renfroe, supra, 809 So.2d at 953.
As stated previously, we do not construe the affidavit of plaintiff's counsel as sufficient evidence to prove an admission of liability on the part of Jefferson Parish which would have reasonably lulled plaintiff into inaction. Rather, plaintiff was put on notice in December of 1998 by the filing of ATC/Vancom's answer that Jefferson Parish was the responsible party for the injuries sustained in this accident. Further, in their motion for summary judgment filed in May of 1999, ATC/Vancom contended that the responsible party for plaintff's injuries was the Parish of Jefferson. Yet plaintiff failed to name the Parish as a defendant until August of 1999, and Mr. Cerruti was added as a defendant in January of 2000. Plaintiff has failed to introduce sufficient competent evidence that defense counsel engaged in conduct that prevented plaintiff from availing herself of her cause of action. We fail to find exceptional circumstances in this case which would warrant the application of contra non valentum.
*928 Finally, plaintiff contends that the trial court erred in failing to grant a continuance of the hearing on defendants' exceptions of prescription until a judgment was rendered on plaintiff's petition to annul the summary judgment rendered on October 3, 2001 in favor of ATC/Vancom. Plaintiff also contends there was an outstanding motion to compel discovery from Jefferson Parish at the time of the hearing on the exception of prescription which justified a continuance.
However, the record shows that plaintiff's petition to annul was filed only four days prior to the scheduled hearing on defendants' exceptions of prescription, and the trial court did not abuse its discretion in refusing to stay the hearing pending resolution of that matter. Further, the record shows that plaintiff received discovery responses from the Parish of Jefferson prior to the hearing, and plaintiff fails to show how she was prejudiced by the trial court's denial of the motion to continue.
A continuance may be granted in any case if there is good ground therefor. La. C.C.P. art. 1601. A trial court has great discretion in granting or denying a motion for a continuance under Art. 1601; that discretion will not be disturbed on appeal in the absence of a clear abuse of discretion. Louisiana State Bd. of Dentistry v. Baker, 33,828 (La.App. 2 Cir.9/27/00), 768 So.2d 683. The trial court considered plaintiff's arguments advanced in the motion to continue the hearing. We fail to find that the trial court clearly abused his discretion in denying the motion for continuance.
Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Plaintiff is to bear all costs of this appeal.
AFFIRMED.