SUCCESSION OF
ROBERT S. MALONEY, SR.

NO. 21-CA-618

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 796-214, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING

November 09, 2022

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Hans J. Liljeberg

**<u>AFFIRMED</u>**
**HJL**
**FHW**
**JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROBERT S. MALONEY, JR.
        J. Scott Loeb
        Lauren F. Bartlett
        Margaret M. Guidy
        Jason R. Anders

COUNSEL FOR DEFENDANT/APPELLEE,
CRAIG STEWART MALONEY, IN HIS CAPACITY AS THE DULY
CONFIRMED INDEPENDENT EXECUTOR OF THE SUCCESSION OF
ROBERT S. MALONEY, SR., IN HIS CAPACITY AS THE DULY
CONFIRMED INDEPENDENT EXECUTOR OF THE SUCCESSION OF
BONNY BABIN MALONEY, AND IN HIS INDIVIDUAL CAPACITY
        McClain R. Schonekas
        Patrick S. McGoey
        Andrea V. Timpa

**LILJEBERG, J.**

Appellant, Robert S. Maloney, Jr., seeks reversal of the trial court's March 24, 2021 judgment dismissing his petition to annul three codicils to the will of his father, Robert S. Maloney, Sr. Appellant requests that this Court grant him a new trial because he contends the trial court abused its discretion by denying his oral request for a 60-day continuance of the trial on his petition to annul, and by denying his motion for new trial arising from the same issue. Appellee, Craig S. Maloney, as executor to the succession of the parties' father, Robert S. Maloney, Sr., filed an answer to the appeal asserting that the trial court erred by denying his request for attorney's fees against appellant.

For reasons stated more fully below, we find the trial court did not abuse its discretion by denying appellant's motion to continue the trial and by denying appellee's request for attorney's fees. Accordingly, we affirm the trial court's March 24, 2021 judgment.

**FACTS AND PROCEDURAL BACKGROUND**

Decedent, Robert S. Maloney, Sr., and Bonny Babin Maloney were married for 60 years. They had five children, Bobby Jean Maloney, who predeceased them, Robert S. Maloney, Jr., Kurt B. Maloney, Julie Ann Maloney Wenck and Craig S. Maloney. Robert S. Maloney, Sr. died testate on June 2, 2019. On June 13, 2019, the decedent's surviving spouse, Bonny Maloney, filed a petition to be appointed independent executrix and to probate a notarial will executed by the decedent on December 21, 2012, as well as three codicils to the will each in notarial form, executed by the decedent on June 15, 2018, August 28, 2018, and February 26, 2019. After Bonny Maloney died on May 4, 2020, appellee, Craig Maloney, became the successor executor for his father's succession.

On August 7, 2020, appellant and Kurt Maloney[1] filed a petition to annul the three probated codicils, as well as a prior judgment of partial possession that placed Bonny in possession of various assets. Appellant and Kurt claimed that the codicils dramatically altered the distribution of assets in the will in favor of appellee and Bonny Maloney. The petition explained that due to strokes the decedent suffered in September 2012, his vision was impaired resulting in the inability to read which worsened with age. The petition also alleged that at the time the decedent executed the first codicil in June 2018, as well as the subsequent codicils, the decedent was afflicted with the physical and mental effects of cerebrovascular disease, including the inability to read. Appellant and Kurt claimed that the codicils are absolutely null because 1) they did not comply with La. C.C. art. 1579, requiring certain formalities when the testator is unable to read; 2) the decedent lacked testamentary capacity; 3) Bonny and Craig Maloney unduly influenced the decedent; and 4) the decedent signed the will and codicils outside of the presence of the notary and witnesses.

The petition to annul also requested the issuance of a temporary restraining order ("TRO"), without notice to the executor, to prohibit the executor from disposing of succession property. The trial court granted the TRO on August 12, 2020. On August 24, 2020, the appellee executor filed a motion to dissolve the TRO and requested costs and attorney's fees for the alleged wrongful issuance of the TRO. On September 1, 2020, the trial court signed an order declaring the motion to dissolve the TRO moot because the TRO dissolved as a matter of law.

On September 22, 2020, appellee filed an exception of no cause of action urging that the petition to annul contained no facts to support a claim that the codicils should be annulled for lack of the decedent's mental capacity or undue

---

[1] Kurt Maloney did not join in or file an appeal of the March 24, 2021 judgment dismissing the petition to annul the codicils.

influence.  Appellant and his brother, Kurt, did not file an opposition to the exception of no cause of action.  However, they did withdraw their request for a preliminary injunction to prohibit the encumbrance, transfer or sale of succession assets.  On October 22, 2020, appellee filed a supplemental memorandum requesting attorney's fees with respect to the issuance of the TRO.

On October 26, 2020, the trial court held a hearing on the unopposed exception of no cause of action and appellee's request for attorney's fees.  The trial court granted the exception of no cause of action and allowed appellant and Kurt 30 days to amend the petition to annul to add additional facts in support of their claims of lack of mental capacity and undue influence.  The trial court also deferred appellee's request for attorney's fees with respect to the issuance of the TRO until trial.   On that same day, the trial court also conducted a pre-trial conference, and the parties set a trial date on the petition to annul for March 1, 2021.  On November 25, 2020, appellant and Kurt filed a first amended and supplemental petition which added factual allegations regarding the decedent's alleged lack of mental capacity, but deleted allegations regarding their claim for alleged undue influence, as well as their request for injunctive relief.

On December 17, 2020, appellee filed a motion for partial summary judgment urging that appellant and Kurt did not have evidence to prove the codicils were invalid due to the alleged failure to execute them in the presence of a notary and two witnesses.  Prior to the hearing on the summary judgment motion, appellant and Kurt agreed to withdraw this claim.  On February 18, 2021, the trial court signed an order dismissing the claim with prejudice, leaving claims regarding the failure to follow requisite formalities due to the decedent's alleged inability to read and alleged lack of testamentary capacity to execute the codicils as the remaining issues for trial.

On the day of trial, March 1, 2021, the parties agreed to attempt mediation, and the trial court continued the trial for ten days until March 11, 2021. The parties participated in mediation, and appellee contends that the parties reached a settlement and his counsel drafted settlement agreements. Appellant contends, on the other hand, that the parties did not engage in substantive settlement negotiations. Instead, he claims that during this time period, he and Kurt learned their counsel was not prepared to proceed to trial because they did not have an expert witness and did not subpoena other necessary witnesses for trial. Therefore, instead of executing the settlement agreements, they decided to discharge their attorney on the afternoon prior to the March 11, 2021 trial.

On the morning of March 11, 2021, appellant and Kurt appeared with new counsel, who had not yet been retained or enrolled, and orally requested a 60-day continuance to prepare for trial. Appellant and Kurt explained that they fired their counsel because they learned that they did not have an expert witness and their witnesses were not subpoenaed for trial. The only specific witness that they referred to during their request for a continuance was their sister, Julie Maloney, who testified at the trial.

Appellee's counsel opposed the request for continuance arguing that appellant and Kurt failed to establish good cause to continue the trial. He argued that the parties reached a settlement, and appellant and Kurt were to appear at their counsel's office at 9 a.m. on the day prior to trial to sign the settlement agreements. He claimed that appellant and Kurt did not appear at their counsel's office until 3:30 p.m. and instead of signing the settlement agreements, they fired their counsel. He also argued that appellant and Kurt missed their deadline to disclose their expert witness and "were fully aware of all of these issues throughout their case." Counsel finally explained that a continuance would be unfair because

appellee had Stage 4 cancer and was leaving in a few days to travel to Germany for treatment.

After considering the parties' arguments, the trial court denied the request for another continuance. The trial court explained that on March 1, 2021, all parties indicated they were ready for trial and did not raise any issues regarding the need for additional time to prepare. The court stated that it allowed only ten days to mediate the matter due to the appellee's need to travel to Germany for treatment. The trial court ruled that considering these circumstances, the decision of appellant and Kurt to fire their counsel the night before trial did not constitute good grounds to continue the trial.

The matter then proceeded to trial during which appellant and Kurt represented themselves. They called four witnesses including Patricia Breckenridge, the attorney who prepared the 2012 will and subsequent codicils, their sister, Julie Maloney, Kristen Romero, the decedent's administrative assistant who was a witness to all three codicils, and Diane Lepler, Bonny's sister. Neither appellant nor his brother, Kurt, testified at the trial on the petition to annul.

Following the presentation of evidence and closing arguments, the trial court dismissed the petition to annul the codicils and found that appellant and Kurt failed to carry their burden to prove that the decedent could not read the codicils or that he lacked the testamentary capacity to execute the codicils. In extensive oral reasons for its ruling, the trial court recognized that the decedent suffered a stroke in September 2012 that affected his vision at that time. The trial court observed that shortly thereafter, the decedent executed his will in December 2012. Appellant and Kurt did not challenge the December 2012 will. The trial court found that the evidence established that the decedent read along during the reading of the codicils prior to executing them, and was able to engage in and understand business dealings at the time he executed the codicils. The trial court also found

that appellee was not entitled to recover attorney's fees. On March 24, 2021, the trial court executed a written judgment dismissing appellant and Kurt's petition to annul the codicils and also denying appellee's request for attorney's fees.

Appellant filed a motion for new trial on April 6, 2021, arguing that a miscarriage of justice occurred because the trial court denied his request for a continuance and he was not represented by counsel at trial. In denying the motion for new trial, the trial court stated:

> There is certainly no [miscarriage] of justice in this matter. They presented all of the exhibits that they intended to present through their counsel. This Court even gave them time to call additional witnesses and paused the case until the following day to allow them to find additional witnesses, so motion for new trial is denied.

On May 26, 2021, the trial court issued a written judgment denying the motion for new trial. Appellant filed a timely petition for devolutive appeal, which the trial court granted. Following the lodging of the record with this Court, appellee filed a timely answer to the appeal seeking review of the trial court's denial of his request for attorney's fees.

## LAW AND DISCUSSION

### *Denial of Appellant's Motion to Continue Trial*

Appellant contends the trial court committed reversible error and prejudiced him by denying his motion to continue the March 11, 2021 trial date. Appellant contends that good grounds for the continuance existed after he discharged his counsel on the eve of trial because 1) he discovered counsel had not properly prepared the case; 2) new counsel appeared on the morning of trial and advised the court he was prepared to enroll if the court allowed a 60-day continuance; and 3) appellee would not have been prejudiced by granting the continuance. Appellant also contends that the trial court erred by denying his motion for new trial on the same grounds.

"A continuance may be granted in any case if there is good ground therefor." La. C.C.P. art. 1601.[2] In determining whether to grant a continuance, the trial court must consider the particular facts in each case. *Suarez v. Acosta*, 15-750 (La. App. 5 Cir. 3/16/16), 194 So.3d 626, 632. Some factors trial courts consider are diligence, good faith, and reasonable grounds of the party seeking the continuance. *Bolden v. Jeffrey's Steel Co.*, 96-518 (La. App. 5 Cir. 12/11/96), 684 So.2d 1102, 1105, *writ denied*, 97-418 (La. 3/27/97), 692 So.2d 399. Of equal importance is the other litigants' corresponding right to have the case heard as soon as practicable. *Walker v. Aulds*, 28,968 (La. App. 2 Cir. 12/11/96), 685 So.2d 421, 423. The trial court may also weigh the condition of the court docket, fairness to the parties and other litigants before the court, and the need for orderly and prompt administration of justice. *Gilmore v. Wickes Lumber*, 04-2769 (La. App. 1 Cir. 2/17/06), 928 So.2d 668, 674.

A trial court has great discretion in granting or denying a motion for a continuance under La. C.C.P. art. 1601, and that discretion will not be disturbed on appeal in the absence of clear abuse of discretion. *Morris v. Westside Transit Line*, 02-1029 (La. App. 5 Cir. 2/25/03), 841 So.2d 920, 928, *writ denied*, 03-852 (La. 5/16/03), 843 So.2d 1132. An abuse of discretion occurs when such discretion is exercised in a way that deprives a litigant of his day in court. *Louisiana State Bd. of Dentistry v. Baker*, 33,828 (La. App. 2 Cir. 9/27/00), 768 So.2d 683, 684.

Because the discharge of one's lawyer is not, by itself, grounds for postponing another party's access to the courts for a decision in a pending action, the client bears the burden of showing other circumstances that would justify a continuance. *Suarez*, 194 So.3d at 632. This Court and others have recognized that a reasonably diligent client having fired his lawyer for unpreparedness could

---

[2] La. C.C.P. art. 1602 provides mandatory grounds for the continuance of a trial. However, appellant does not argue and this Court does not find that appellant raised grounds warranting a continuance of the trial under this provision.

be "good" grounds for a continuance in the absence of counterbalancing circumstances. *Id.*; *Rainone v. Exxon Corp.*, 93-2008 (La. App. 1 Cir. 1/13/95), 654 So.2d 707, 711, *writ denied*, 95-337 (La. 3/24/95), 655 So.2d 1340.

Appellant contends that the trial court did not properly weigh the relevant factors when it denied his motion for continuance and effectively denied him of his day in court. He argues that, after the trial court continued the March 1, 2021 trial, he discovered his attorney had not retained an expert to testify regarding the competency of the decedent to execute the codicils and certain critical witnesses were not subpoenaed for trial. Appellant argues that his counsel did not act diligently in preparing the case for trial, missed deadlines, and failed to conduct adequate discovery prior to the deadline. He also argues that he appeared on the morning of trial with counsel willing to enroll in the case if the trial court granted a 60-day continuance. Appellant contends the continuance would not have interfered with appellee's cancer treatment or deprived him of his day in court because the trial court could have re-set the trial to accommodate appellee's treatment schedule.

In opposition, appellee argues that appellant cannot demonstrate any abuse of discretion by the trial court. He contends that appellant did not meet his burden to establish grounds to justify a continuance because he provided no evidence to support his self-serving statements that he learned just prior to trial that his attorney was not prepared. Appellee further argues that appellant failed to provide any details regarding the critical witnesses that should have been deposed or subpoenaed, or details regarding the testimony appellant expected to obtain from an expert to meet the high burden of proof to nullify the codicils. Appellee also argues that "counterbalancing circumstances" existed to warrant denial of appellant's oral request for a continuance because it would have been unfair to him due to his need to leave the country to receive treatment for Stage 4 cancer.

While this Court and other courts have recognized that firing an attorney for lack of preparation could constitute good grounds for a continuance, we cannot find that the trial court abused its discretion considering all of the facts and circumstances of this case. Our review of the record and appellant's arguments indicate that he sought the continuance to conduct further discovery to determine whether evidence and witnesses existed to support an attack on the codicils. We have only appellant's arguments that he and Kurt lacked knowledge regarding the alleged failure to secure an expert witness or subpoena witnesses. Appellant does not provide any details regarding the identity of witnesses that their counsel should have deposed or subpoenaed, or the testimony he expected to obtain from an expert witness.

The only specifics regarding the alleged critical witnesses that were not subpoenaed that appellant refers to in his appellate brief are the "witnesses to the execution of the documents." However, appellant called the attorney who drafted and notarized the codicils, as well as one of the witnesses to each of the codicils, as witnesses at trial and they both testified that the decedent read the codicils along with the notary prior to executing the documents and signed the codicils in the presence of the notary and witnesses on each occasion. In addition, after appellant and Kurt rested their case, the trial court allowed them to call Bonny's sister, Diane Lepler, as a witness to testify regarding information she possessed regarding the decedent's execution of the codicils.

Considering the factual and procedural history of this case, we cannot find that the trial court abused its great discretion in denying appellant's request to continue the trial for 60 days, particularly considering the counterbalancing circumstances presented by appellee's health issues. We further find that the trial court did not abuse its discretion by denying appellant's motion for new trial

arising from the same ruling denying the request for a continuance of the trial of the petition to annul the codicils.

### Denial of Appellee's Request for Attorney's Fees

As explained above, appellee filed an answer to the appeal arguing that the trial court abused its discretion by denying appellee's request for attorney's fees. In addition to the attorney's fees appellee requested for filing the motion to dissolve the TRO under La. C.C.P. art. 3608, appellee also argued that he incurred significant attorney's fees in defending this matter and will incur additional fees to defend this appeal.[3] As a result, appellee requested that this Court 1) reverse the trial court's judgment denying his request for attorney's fees under La. C.C.P. art. 3608; 2) remand the matter back to the trial court for a hearing and consideration of his request for attorney's fees through trial; and 3) award attorney's fees under La. C.C.P. art. 2164 for defending this allegedly frivolous appeal.[4]

First, we find that the trial court did not err in denying attorney's fees for the alleged wrongful issuance of the TRO under La. C.C.P. art. 3608. As noted above, the trial court found that appellee's motion to dissolve the TRO was moot because the TRO dissolved as a matter of law. A TRO expires by its terms within such time as fixed by the court, but in no event more than ten days after entered by the court. *See* La. C.C.P. art. 3604(A); 1A La. Civ. L. Treatise, Civil Procedure – Special Proceedings, § 1.2. The trial court signed the TRO on August 12, 2020; therefore, it expired as a matter of law on August 22, 2020. Appellee did not file a

---

[3] La. C.C.P. art. 3608 provides:

The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.

[4] La. C.C.P. art. 2164 provides:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

motion to dissolve the TRO until two days later on August 24, 2020. The ruling of a trial judge on the issue of damages and attorney's fees under La. C.C.P. art. 3608 should not be disturbed on appeal absent a clear abuse of discretion. *Arco Oil & Gas Co. v. DeShazer*, 98-1487 (La. 1/20/99), 728 So.2d 841, 844; *Alvarez*, 182 So.3d at 1158. Considering these circumstances, we cannot find that the trial court clearly abused its discretion by denying appellee's request for attorney's fees under La. C.C.P. art. 3608.

In his appellate brief, appellee further argues for the first time that in addition to attorney's fees for the wrongful issuance of the TRO, he is entitled to attorney's fees under La. C.C.P. art. 863(B) because appellant and Kurt made factual assertions they knew to be false, made unsupported and frivolous legal arguments, and used the litigation as a means to harass appellee.[5] Appellee contends that at the conclusion of the trial, he asked the trial court for the opportunity to brief the attorney's fees issue, but the trial court summarily denied the request for attorney's fees.

La. C.C.P. art. 863 provides for an award of sanctions against an attorney or party when an attorney or party signs and certifies a pleading in violation of the requirements set forth in La. C.C.P. art. 863(B). However, appellee did not file a motion pointing to any specific pleadings that warranted an award of sanctions under La. C.C.P. art. 863 in the lower court, did not raise any issues regarding the

---

[5] La. C.C.P. art. 863(B) provides:

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

application of this provision in his pre-trial order, and did not mention this provision during the trial, in closing arguments or prior to the trial court's ruling on the petition to annul. Accordingly, we decline to grant any relief or remand this issue to the trial court as this Court does not consider or remand issues such as this raised for the first time on appeal. *See* Uniform Rules – Courts of Appeal, Rule 1-3.

Finally, we also deny appellee's request for attorney's fees for this appeal. La. C.C.P. art. 2164 is penal in nature and must be strictly construed. *Alombro v. Alfortish*, 02-1081 (La. App. 5 Cir. 4/29/03), 845 So.2d 1162, 1170. An appellate court may award damages for a frivolous appeal under La. C.C.P art. 2164 "when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates." *Id.* "An appeal is not automatically deemed frivolous simply because it lacks merit." *Id.* After considering the arguments, we do not find that the present matter meets the requirements of a frivolous appeal, and therefore we decline to award sanctions under La. C.C.P. art. 2164.

For the reasons set forth above, we affirm the trial court's March 24, 2021 judgment denying appellant's petition to annul the codicils to the decedent's will and appellee's request for attorney's fees.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 9, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-618

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
JASON R. ANDERS (APPELLANT)          LAUREN F. BARTLETT (APPELLANT)          MICHAEL G. CALOGERO (APPELLEE)
ANDREA V. TIMPA (APPELLEE)           MCCLAIN R. SCHONEKAS (APPELLEE)          PATRICK S. MCGOEY (APPELLEE)

**MAILED**
J. SCOTT LOEB (APPELLANT)            PATRICIA G. BRECKENRIDGE (APPELLEE)
MARGARET M. GUIDY (APPELLANT)        ATTORNEY AT LAW
ATTORNEYS AT LAW                     141 EAST OAKRIDGE PARK
1180 WEST CAUSEWAY APPROACH          METAIRIE, LA 70005
MANDEVILLE, LA 70471