TOBIAS, J.,
concurs.
|¾1 fully and respectfully concur in the majority’s opinion.
I feel compelled to comment about my colleague’s dissent in which he asserts that the district court lacks subject matter jurisdiction to entertain a suit challenging, a candidate for a seat in the Louisiana Legislature. La. Const. Art. Ill, § 4 sets forth the qualifications for a member of the legislature: (a) an elector; (b) at least 18 years of age on the date he qualifies for election; (c) residing in Louisiana for two years preceding his qualifying; and (4) actually being domiciled for one year in the legislative district from which he seeks election. La. Const, art. Ill, § 7 says that each house of the legislature is the judge of the qualifications and elections, of its members. But La. Const, art. XI, §■ 1 requires the legislature to adopt an election code that provides “for the conduct of all elections.”
Pursuant to the Article XI mandate, the legislature adopted the Louisiana Election Code, La. R.S. 18:1, et seq. Without going into a detailed analysis of the Code, suffice it to say that the legislature has set up a framework for qualifying for and conducting all elections, including members of the legislature. Thus, the legislature provided a means for a citizen to question, whether an- individual possessed the qualifications to run for-the office of a member of the legislature. Without that statutory authority, in theory, and by way of example, a 10-year-old, a | anon-elector, a non-citizen, or a Louisiana nonresident could qualify and run for the office of a Louisiana legislature member and only after such individual’s election could it be questioned by a house of -the - legislature. Such is clearly not the intent.
The La. Const, art. Ill, § 7 provision (judging of the qualifications and elections) is intended to allow.'a house of the legislature to eject a member for cause, such as a serious crime. To embrace otherwise would allow a housé of the legislature to eject a member because of his religion or his articulation or support of unpopular causes — in other words a supposed “nonconformist.” To think that the third branch of government, the judiciary, cannot provide a check upon the legislature in that regard would be pure bunkum.
. BONIN, J., dissents with reasons.
hi respectfully dissent. I would vacate the judgment of the district court because the district court does not have subject matter jurisdiction[1] over a challenge to the qualifications of a candidate for a member of the legislature (and only a member of the legislature).[2]
*1140 •Jason Hughes seeks office as a member if the Louisiana House of Representatives. Article 3, § 4(A) of the Louisiana Constitution of 1974 sets forth the qualifications for a member of the legislature: “An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the preceding year in the legislative district from which he seeks election is eligible for | ¡¿membership in the legislature.” [3] Article 1, § 10(B) of the Louisiana Constitution of 1974 also establishes a disqualification from candidacy and office under specified circumstances following a felony conviction,[4] but this provision is not implicated in this election challenge because Mr. Hughes has not been convicted of a felony.
Most importantly for our purposes is the provision of Article 3, § 7(A) of the Louisiana Constitution of 1974 which provides that “[e]ach house shall be the judge of the qualifications and elections of its members ...” (emphasis added). This provision, in my view, preempts the general jurisdictional provision for district courts at Article -5, § 16(A) of the Louisiana Constitution of 1974,[5] which confers exclusive original jurisdiction of cases involving “the right to office or other public position” “[ejxcept as *1141 otherwise authorized by this constitu-tion_” |«And, thus, the provision assigning the House of Representatives the mandatory role of “judge of the qualifications” renders inapplicable the application of La. R.S. 18:492 (grounds for objecting to a candidacy).
La. Const, art. 3, § 7(A) is remarkably similar to the Elections Clause of the United States Constitution, Article I, section 5, clause 1, which provides that “[e]aeh House shall be the Judge of the Elections, Returns and Qualifications of its own members.” (emphasis added). This text demonstrates a clear “.‘constitutional commitment’ of an issue to another branch of government to the exclusion of the courts ...” Morgan v. U.S., 801 F.2d 445, 447 (D.C.Cir.1986) (ellipsis indicates citation omitted).[6] “The provision states not merely that each House ‘may judge’ these matters, but that each House ‘shall be the Judge’ (emphasis added).” Id. (emphasis in original opinion). And from this, Morgan instructs, that “[t]he exclusion of others — and in particular of others who are judges — could not be more evident.” Id. (emphasis added). Morgan concluded that the judiciary, a separate branch of government, in the face of that constitutional provision “simply lack[s] jurisdiction to proceed.” Id. In my view, La. Const, art. 3, § 7(A) operates in precisely the same manner: we have no jurisdiction to judge the qualifications of candidates for the House of Representatives because the Louisiana Constitution has “committed” that determination to the House of Representatives to our exclusion.
Louisiana, too, has three separate branches of government. See La. Const, art. 2, § 1 (“The powers of government of the state are divided into three separate branches: legislative, executive, and judicial.”). And, very importantly for our purposes, Article 2, § 1 of the Louisiana Constitution of 1974 states that “Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall- exercise power belonging to either of the Mothers.” (emphasis added). Its application here is that we judges have no business “judging” the qualifications of a candidate for the House of Representatives as that has been committed by our constitution to the persons holding office in'the legislative, and not judicial, branch of government.
The legislative branch is the most representative branch of government. The propriety of each house being the judge of the qualification of its members, /without interference or intrusion from another branch, ought to be obvious. See John Randolph Tucker and Henry St. George Tucker, The Constitution Of The United States. A Critical Discussion of Its Genesis, Development, and Interpretation, Volume I, pp. 426-427 (1899). This is so whether it is the federal legislature or the state legislature and whether the intrusion is at the beginning or the end of the election.[7]
“Jurisdiction is the legal power and au-' thority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which • they are entitled.” La. C.C.P. art. 1. And “¡jjurisdiction over the *1142 subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La. C.C.P. art. 2. And, finally, “[a] judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.” La. C.C.P. art. 3. The district court simply had no subject matter jurisdiction over this matter and the judgment disqualifying Mr. Hughes ought to be vacated.

. We have a duty to take up the lack of subject matter jurisdiction sua sponte, despite the litigants failure to raise the issue. See Boudreaux v. State, Dept. of Transp. and Development, 01-1329, p. 8 (La.2/26/02), 815 So.2d 7, 13.

. The precise challenge to the candidate, Jason Hughes, is that he failed to file one year’s tax return which results in his disqualification for office under La. R.S. 18:492 A(7). See Russo v. Burns, 14-1963 (La.9/24/14), 147 So.3d 1111. The constitutionality of this provision was not challenged in the district court and thus could not be considered by us on appeal. See Council of the City of New Orleans v. Washington, 09-1067, p. 4 (La.5/29/09), 9 So.3d 854, 857 (per curiam) *1140 ("The longstanding jurisprudential rule of law in Louisianá is that litigants must raise constitutional attacks1 in the' trial court, not the appellate courts, and the constitutional challenge must be specially pleaded and the grounds for _ the claim particularized.”). Some members of this court, however, have expressed a concern with the constitutionality of statutes which seek to add qualifications to those enumerated by the Louisiana constitution. See, e.g., Russo v. Burns, 14-0952, p. 5 (La.App. 4 Cir. 9/9/14), 150 So.3d 67, 75 (Belsome, L, concurring) ("the principle remains the same: an act of the legislature should not circumvent a constitutional article, whether state or federal").

. Notably, as remarked in n. 1, ante, the challengers do not question his eligibility for membership on any of these three constitutional grounds.

. La. Const, art. 1, § 10(B) reads as follows:
(B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of hoiior, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
(2) A person actually under an order of imprisonment for conviction of a felony.

. La. Const, art. 5, § 16(A) reads as follows:
Original jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political coiporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.

. Then-Circuit Judge Scalia was the author of the opinion.

. I am aware of the First Circuit’s distinction that Article 3, § 7(A) is only operative after a -person is elected. See Deculus v. Welborn, 07-1836, pp. 4-6 (La.App. 1 Cir. 9/19/07), 970 So.2d 1057, 1060. But it seems to me that the First Circuit overlooked the exception in La. Const, art. 5, § 16(A) respecting the exception to the district court’s jurisdiction, to wit: “[ejxcept as .otherwise authorized by this ■'constitution....”