**KAREN CARTER PETERSON**      *      **NO. 2019-CA-0703**

**VERSUS**      *      **COURT OF APPEAL**

**ALLEN HELWICK BORNE,**      *      **FOURTH CIRCUIT**
**JR., KYLE ARDOIN, IN HIS**
**OFFICIAL CAPACITY AS THE**      *      **STATE OF LOUISIANA**
**SECRETARY OF STATE, AND**
**C. ARTHUR MORRELL, IN**      *
**HIS OFFICIAL CAPACITY AS**
**THE CHIEF ELECTION**      *
**OFFICER FOR ORLEANS**      * * * * * * *
**PARISH**


**BELSOME, J., DISSENTS WITH REASONS**

I respectfully agree with the majority opinion's finding that the Notice of Candidacy form in the record is invalid, but dissent from the affirmation of the trial court's disqualification of Mr. Borne. In dissenting, I write separately to discuss Mr. Borne's argument that he was not afforded due process in this proceeding.

Mr. Borne was served at 3:30 p.m. notifying him of the 9:00 a.m. hearing set for the following day. Once in court, Mr. Borne sought a continuance in order to determine the name of the clerk that processed his filing. Given the brief turnaround, he claimed that he was unable to discover the information in time for trial, and the clerk was an essential witness to his case. That request was denied by the trial court. Mr. Borne proceeded.

During Chief Election Officer, Arthur Morrell's testimony, Mr. Borne was informed that approximately six employees were assigned to process election filings. He was also provided the name of the supervisor on duty during that time. When Mr. Borne requested that Mr. Morrell have the supervisor come to the courthouse for questioning, Mr. Morrell declined that request. Next, Mr. Borne asked that the trial court aid him in securing the supervisor's appearance. That request was also denied.

The issue of due process in a challenge to candidacy was discussed by this Court, in *Russo v. Burns*, 2014-0952 (La.App. 4 Cir. 9/9/14), 150 So.3d 67. There, the plaintiff challenged Lionel Burns Jr.'s candidacy for Orleans Parish District Attorney. *Id.* That challenge was focused on the filing of tax returns. Mr. Burns had certified that he had filed his Louisiana tax returns for the years 2010-2013. Based on the Louisiana Department of Revenue's records, those tax returns had not been filed. At the hearing to determine whether Mr. Burns should be disqualified as a candidate for the Orleans Parish District Attorney's race, he requested additional time in which to present his tax preparer, Monica Jackson, to testify regarding the filing of the returns. The trial court denied that request. On appeal, this Court found that the trial court's decision, reviewed under an abuse of discretion standard, denied Mr. Burns his due process rights. The matter was remanded to allow for Ms. Jackson's testimony. *Id.*

The challenge to Mr. Borne's candidacy is founded on an invalid Notice of Candidacy form. However, he has suggested that the filing of the invalid form was a result of improper procedures by the clerk's office. He maintains that the testimony of the clerk who allegedly rejected the valid form would prove that the clerk's office erred in receiving his filing and that he should be found to be a valid candidate. Mr. Borne asserts that his inability to call the supervisor and/or the clerk prejudiced his ability to meet his burden of proof that he should be qualified a valid candidate.

In *Burns,* this Court recognized that "[t]he essence of due process is notice and an opportunity to be heard." *Burns,* 2014-0952, p.7, 150 So.3d at 71 (citing *Darnell v. Alcorn,* 99-2405, p. 12 (La.App. 4 Cir. 9/24/99), 757 So.2d 716, 723). The testimony that Mr. Borne seeks from the employee of the clerk's office is

paramount to proving that he had his valid Notice of Candidacy form rejected.[1]  I find Mr. Borne's request for additional time even more compelling than Mr. Burns' request given the fact that Mr. Borne did not know the identity of the person he sought to call as a witness. Like in *Burns,* I would find that denying Mr. Borne the right to call that witness denied him his day in court.   For these reasons, I would reverse the trial court's disqualification and remand for further proceedings to commence within 24 hours from the release of this opinion.

---

[1] The notarized Notice of Candidacy form signed by Mr. Borne was proffered into evidence.