KAREN CARTER PETERSON     \*     NO. 2019-CA-0703

VERSUS     \*     COURT OF APPEAL

ALLEN HELWICK BORNE,     \*     FOURTH CIRCUIT
JR., KYLE ARDOIN, IN HIS
OFFICIAL CAPACITY AS THE     \*     STATE OF LOUISIANA
SECRETARY OF STATE, AND
C. ARTHUR MORRELL, IN     \*
HIS OFFICIAL CAPACITY AS
THE CHIEF ELECTION     \*
OFFICER FOR ORLEANS     \* \* \* \* \* \* \*
PARISH

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's decision to affirm the district court's disqualification of Mr. Borne. Upon review of the record, and in consideration of the unusual facts of this case, I find the district court abused its discretion in denying Mr. Borne time to subpoena witnesses from the Clerk's Office for Criminal District Court, who could testify regarding the alleged rejection of his signed Notice of Candidacy form.

La. C.C.P. arts. 1631 and 1632 give the district court authority over trial proceedings and the order of witnesses requiring the court to conduct the proceeding with dignity and to control the proceedings "so that justice is done." In general, a district court's judgment as to these decisions will not be disturbed in the absence of an abuse of discretion. "However, an abuse of discretion occurs when the district court's discretion is exercised in such a way that deprives a litigant of his day in court." *Russo v. Burns*, 14-0952, p. 7 (La. App. 4 Cir. 9/9/14), 150 So.3d 67, 72. Furthermore, the laws governing the conduct of elections must be liberally construed "so as to promote rather than defeat candidacy." *Landiak v. Richmond*, 05-0758, p. 7 (La. 3/24/05), 899 So.2d 535, 541. "Any doubt concerning the qualifications of a candidate should be resolved in favor of

allowing the candidate to run for public office." *Id.* In this case, I find that the record reflects the district court conducted the proceedings and exercised its discretion in such a way that Mr. Borne was not afforded due process and was deprived of his day in court.

Consequently, I would vacate the trial court's judgment and remand the matter with instructions that the district court reopen the hearing within 24 hours from the decision of this Court and afford the appellant the opportunity to subpoena and call witnesses.