SANDTRELL BRODEN, SHELCIA VALENTINE-CARTER, PEGGY VALENTINE AND JORDY VALENTINE, INDIVIDUALLY AND ON BEHALF OF THE DECEDENT, RUSSELL ALEXANDER

NO. 24-C-619

FIFTH CIRCUIT

COURT OF APPEAL

VERSUS

STATE OF LOUISIANA

PRIORITY MANAGEMENT GROUP, L.L.C. AND RIVERLANDS HOME GROUP, L.L.C. D/B/A CHATEAU ST. JAMES REHAB AND RETIREMENT

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 30, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** PRIORITY MANAGEMENT GROUP, LLC AND RIVERLANDS HOME GROUP, LLC D/B/A CHATEAU ST. JAMES REHAB AND RETIREMENT

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JASON VERDIGETS, DIVISION "A", NUMBER 40,834

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and Scott U. Schlegel

## WRIT GRANTED IN PART AND DENIED IN PART

Defendants, Priority Management Group, LLC and Riverlands Home Group, LLC, d/b/a Chateau St. James Rehab and Retirement, seek review of the trial court's denial of their motion to continue the January 14, 2025 trial date currently set in this matter. Defendants also request relief from the trial court's denial of their request for an extension of pre-trial expert and discovery deadlines. For the reasons below, we grant defendants' writ application in part and deny it in part.

This matter involves plaintiffs' administrative negligence and wrongful death claims against defendants alleging that their father sustained injuries and subsequently died due to defendants' alleged understaffing of the skilled nursing

facility where their father resided prior to his death.[1]  Plaintiffs also allege a

medical malpractice claim against Riverlands.[2]  The matter is currently set for trial

on January 14, 2025.  On November 26, 2024, defendants filed a motion to

substitute new counsel to represent them at trial.  Defendants contend that they

filed the motion to substitute due to their prior trial counsel's hearing disability.

On December 2, 2024, defendants also filed a motion to continue the January 14,

2025 trial date and all associated deadlines in this matter.  Defendants argued, in

part, that due to the complexity of the case, it was impossible for their new counsel

to adequately prepare for trial in less than six weeks during the holiday season.

Defendants also argued that they needed time to conduct additional discovery, take

depositions, and wanted to add an additional trial expert.  On December 16, 2024,

the trial court denied defendants' motion to continue the trial date and all pre-trial

deadlines, as well as defendants' motion to stay the proceedings.[3]

   "A continuance may be granted in any case if there is good ground

therefor."  La. C.C.P. art. 1601.  In determining whether to grant a continuance,

the trial court must consider the particular facts in each case.  *Succession of

Maloney*, 21-618 (La. App. 5 Cir. 11/9/22), 353 So.3d 292, 298.  Some factors trial

courts consider are diligence, good faith, and reasonable grounds of the party

seeking the continuance.  *Id.*  Of equal importance is the other litigant's

corresponding right to have the case heard as soon as practicable.  *Id.*  The trial

court may also weigh the condition of the court docket, fairness to the parties and

---

[1] Plaintiffs filed their initial Petition for Damages and Relief Under the Nursing Home Residents' Bill of Rights in April 2022, alleging a claim for administrative negligence.   Almost a year later, in February 2023, plaintiffs filed a First Amended Petition for Damages adding a claim for intentional fraud. Plaintiffs then filed a Second Amended Petition for Damages in July 2023 adding a medical negligence claim.

[2] Defendants also claim that a dispute also exists as to whether Priority is a qualified health care provider under the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, *et seq*.

[3] The trial court did allow defendants to conduct two additional depositions, to supplement their expert reports if needed to consider medical records produced after they produced their reports, and to argue motions in limine filed after the deadline.

other litigants before the court, and the need for orderly and prompt administration of justice. *Id.*

A trial court is vested with great discretion in granting or denying a motion for continuance under La. C.C.P. art. 1601, and that discretion will not be disturbed on appeal in the absence of clear abuse of discretion. *Morris v. Westside Transit Line*, 02-1029 (La. App. 5 Cir. 2/25/03), 841 So.2d 920, 928, *writ denied*, 03-852 (La. 5/16/03), 843 So.2d 1132. An abuse of discretion occurs when such discretion is exercised in a way that deprives a litigant of his day in court. *Maloney*, 353 So.3d at 298.

In support of their motion to continue, defendants provided a transcript from a trial in late September 2024 (*Cambre v. Riverlands*) involving the same plaintiffs' counsel and defendants. This transcript clearly evidences that the trial court in that matter recognized prior defense counsel's hearing issues and the negative effect they had on counsel's ability to understand and react to testimony during the trial. In addition, prior defense counsel provided an affidavit explaining that he had experienced hearing difficulties for years but was able to manage with the assistance of hearing aids. However, in August 2024, he discovered that he could not hear as well during another trial, so he secured new hearing aids. During the September 2024 trial mentioned above, prior counsel stated that his hearing problem seemed even worse despite his new hearing aids, and he was subsequently advised that he would require surgery to address his hearing loss. Thus, prior counsel's hearing impairment does not appear to be a new and sudden condition.

Defendants contend that they commenced efforts to replace their counsel in October 2024. They explain that they contacted a number of attorneys, including one attorney who agreed to handle the case, if the January 2025 trial date was continued. Defendants claim that this attorney attempted to contact one of the

plaintiffs' attorneys to ask for the continuance, but he never heard back. Defendants contend that they continued exhausting efforts to find new counsel until they were referred to and spoke with current counsel, Ann LeBlanc, on November 18, 2024. Defendants contend that on November 21, 2024, Ms. LeBlanc agreed to represent defendants with the hope that the trial would be continued and with the caveat that it would be practically impossible to be fully prepared to try the case without a continuance.

Considering the unique facts and circumstances of this case, we find that good grounds existed to continue the trial date due to prior defense counsel's hearing disability. The trial court abused its discretion by denying defendants' motion to continue. Requiring defendants' new counsel to prepare for trial in a six-week period, which spans the holiday season, will effectively deprive defendants of their day in court. Accordingly, we grant defendants' writ application in part. The trial court's December 16, 2024 ruling denying defendants' motion to continue the January 14, 2025 trial is reversed and we grant the motion to continue. We, however, deny defendants' writ application to the extent that it seeks relief from the trial court's denial of their request to extend pre-trial deadlines so that they can conduct additional discovery, take depositions, and add an additional trial expert. Defendants did not establish that their prior defense counsel's hearing issues affected compliance with the pre-trial deadlines set by the trial court.

Gretna, Louisiana, this 30th day of December, 2024.

**SUS**
**MEJ**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/30/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-619**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED
23rd Judicial District Court (Clerk)
Hon. Jason Verdigets (DISTRICT JUDGE)
Ann M. LeBlanc (Relator)
Kathryn M. Caraway (Relator)
Jordan M. Jeansonne (Respondent)

### MAILED

Erica L. Andrews (Relator)
Mary Margaret H. Moore (Relator)
Attorney at Law
3936 Bienville Street
New Orleans, LA 70119

Matthew M. Coman (Respondent)
Attorney at Law
400 Poydras Street
Suite 2045
New Orleans, LA 70130

Stephen M. Garcia (Respondent)
Attorney at Law
Garcia & Artigliere
400 Poydras Street
Suite 2045
New Orleans, LA 70130

## CERTIFIED MAIL® RECEIPT
### Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Erica L. Andrews
Attorney at Law
3936 Bienville Street
New Orleans, LA 70119
24-C-619                    12-30-24

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X          ☐ Agent
           ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery

1. Article Addressed to:

Erica L. Andrews
Attorney at Law
3936 Bienville Street
New Orleans, LA 70119
24-C-619                    12-30-24

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

9590 9402 2434 6249 3586 55

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 9039

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
### Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total
Matthew M. Coman
Attorney at Law
400 Poydras Street
Suite 2045
New Orleans, LA 70130
24-C-619                    12-30-24

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X          ☐ Agent
           ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery

1. Article Addressed to:

Matthew M. Coman
Attorney at Law
400 Poydras Street
Suite 2045
New Orleans, LA 70130
24-C-619                    12-30-24

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

9590 9402 2434 6249 3586 62

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 9022

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt